ORIGINAL

FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0535

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0535

FLATHEAD LAKERS INC., a Montana non-profit
public benefit corporation, AMY J. WALLER,
STEVEN F. MOORE, CYNTHIA S. EDSTROM,
ADELE ZIMMERMAN, MARTIN FULSAAS and
GAIL A. WATSON-FULSAAS, LAUREL
FULLERTON, ALAN and DEIRDRE COIT, and
FRANK M. WOODS,

FILED

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

      Petitioners, Appellees and Cross-Appellants,

    v.

MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

O R D E R

      Respondents,

MONTANA ARTESIAN WATER COMPANY,

      Respondent and Appellant, and

WATER FOR FLATHEAD'S FUTURE,

      Intervenor.

By petition filed February 22, 2022, Appellees Flathead Lakers, Inc., et al. (Flathead Lakers) petition this Court for rehearing on our prior order, filed in this matter on January 25, 2022, denying its motion for dismissal of the appeal of Appellant Montana Artesian Water Company (MAWC), filed on October 29, 2021, from an adverse District Court judgment, filed September 30, 2021, vacating for remand the final agency decision of the Montana Department of Natural Resources and Conservation granting a disputed beneficial water use permit (Permit No. 76LJ-30102978) to MAWC for use in Flathead County. Flathead Lakers asserted that the appeal was premature because the District Court

had yet to rule on their related motion for attorney fees, timely filed on October 12, 2021, twelve days after entry of judgment on the merits and after Flathead Lakers' October 1, 2021 filing and service of notice of entry of judgment. Construing M. R. Civ. P. 58(e) (lower court judgment not final for purposes of appeal "until any necessary determination" regarding attorney fees, cost, or sanctions is made—untimely notice of appeal does not deprive lower court of jurisdiction to dispose of such matters on "timely motion") in conjunction with *Ballou v. Walker*, 2017 MT 197, ¶ 22, 388 Mont. 283, 400 P.3d 234 (post-judgment motion for attorney fees is in essence a M. R. Civ. P. 59 motion to alter or amend judgment subject to mandatory 60-day Rule 59(f) jurisdiction deadline), we denied Flathead Lakers' motion to dismiss on the stated ground that the appeal was not premature because the subject District Court judgment did not reserve jurisdiction to address a related attorney fees issue and the 60-day Rule 59(f) deadline had expired without ruling on the attorney fees motion that triggered it.

Citing *Bitterroot River Protective Ass'n v. Bitterroot Conservation Dist. (BRPA)*, 2011 MT 51, ¶¶ 6-17, 359 Mont. 393, 251 P.3d 131 (express reservation in judgment on the merits of jurisdiction in re related pre-judgment motion for attorney fees rendered judgment not final for purposes of appeal, thus rendering Rule 59 and constituent Rule 59(f) deemed-denied deadline inapplicable), Flathead Lakers now assert that rehearing and reversal of our order of denial is warranted under M. R. App. P. 20 because this Court "overlooked *or was unaware*" that, based on their ancillary motion later filed on October 12, 2021, an October 29, 2021 District Court order "bifurcated" the attorney fees issue raised in their post-judgment motion.[1] Flathead Lakers thus assert that this "newly brought forward" fact renders our prior order of denial erroneously inconsistent with our pertinent holding in *BRPA*. However, upon review of our prior order, MAWC's response to the rehearing petition, and all pertinent authorities, we disagree.

As a threshold matter, contrary to their deliberate after-the-fact equivocation here, this Court did not "overlook" the "newly brought forward" fact of the District Court's

---

[1] The District Court later accordingly awarded attorney fees to Flathead Lakers by judgment filed February 14, 2022.

October 29th bifurcation order. For whatever reason, Flathead Lakers simply neglected to reference that only now-purported material fact in their prior motion to dismiss. As an additional threshold matter, Flathead Lakers' February 22nd petition for rehearing on our January 25th order of denial was manifestly untimely in violation of M. R. App. P. 20(2)(a) (15-day deadline for rehearing petitions). Moreover, *BRPA* is in any event distinguishable because, unlike the express reservation of jurisdiction regarding the *pre*-judgment attorney fees motion included in the subject judgment on the merits that thus precluded application of Rule 59 there, Flathead Lakers' *post*-judgment motions for attorney fees and bifurcation did not similarly preclude application of Rule 59 here, and the District Court's after-the-fact October 29th *post*-judgment bifurcation order was neither a similar contemporaneous reservation of jurisdiction in its underlying judgment on the merits, nor could it retroactively effect such reservation.

IT IS THEREFORE ORDERED that Flathead Lakers' February 22, 2022 petition for rehearing on our January 25, 2022 order denying their motion to dismiss MAWC's appeal as premature is hereby DENIED.

The Clerk of this Court is hereby directed to serve notice of this Order on all counsel of record.

DATED this 15 day of March, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices